UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DEBORAH BODENBENDER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | File No. _____ |
| | ) | |
| KINGS RIDGE CHRISTIAN SCHOOL | ) | |
| INC., | ) | JURY TRIAL DEMANDED., |
| | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## COMPLAINT

Plaintiff Deborah Bodenbender ("Plaintiff" or "Mrs. Bodenbender") files this Complaint against Defendant King's Ridge Christian School, Inc. (also "Defendant") showing the Court as follows:

### The Nature of this Action

1.      This is an action for age discrimination in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.* (the "ADEA"), and retaliation in violation of the ADEA and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII").

2.      Mrs. Bodenbender seeks injunctive and equitable relief, back pay and lost benefits, front pay or reinstatement, compensatory damages, punitive damages,

liquidated damages, attorney's fees and costs for Defendant's violations of the ADEA and Title VII.

## Jurisdiction and Venue

3.      This Court has subject matter jurisdiction over Plaintiff's claims under 28 U.S.C. § 1331, 29 U.S.C. § 621 *et seq.*, and 42 U.S.C. §2000e-5(f)(3).

4.      Venue is proper in the Northern District of Georgia under 28 U.S.C. § 1391(b) and (c) because the unlawful actions giving rise to this action were committed in the Northern District of Georgia.

## The Parties

5.      Plaintiff Deb Bodenbender is a citizen of the United States and a resident of Georgia.  Mrs. Bodenbender is a former employee of Defendant.

6.      At the time of the acts challenged in this lawsuit, Mrs. Bodenbender was fifty-seven (57) years old.

7.      Defendant is a corporation organized and existing under the laws of and registered to do business in the State of Georgia.

8.      At all times pertinent to this lawsuit, Defendant has been engaged in an industry affecting commerce within the meaning of Section 11(h) of the ADEA, 29 U.S.C. § 630(h).

9.      Defendant is an "employer" within the meaning of Section 11(b) of the ADEA, 29 U.S.C. § 630(b).

10.     At all times pertinent to this lawsuit, Defendant knew that its employment decisions were subject to the ADEA.

11.     Defendant is an employer that engages in an industry affecting commerce within the meaning of Title VII, and has employed more than 15 persons for each working day in each of 20 calendar weeks in the current or preceding calendar year.

12.     Defendant is subject to the jurisdiction of this Court and may be served with process via its registered agent for service of process in Georgia, Mr. C. David Rhodes III, 2765 Bethany Bend, Fulton, Alpharetta, GA 30004, USA.

<u>Administrative Procedure</u>

13.     On June 10, 2014, Mrs. Bodenbender filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission – Charge No. 410-2014-04055– complaining of the discriminatory actions challenged in this Complaint.

14.     On August 23, 2016, Mrs. Bodenbender received a Dismissal and Notice of Rights from the EEOC.

15.　On November 19, 2016, within the ninety (90) day deadline, Mrs. Bodenbender files suit against the Defendant.

The Underlying Facts

16.　Deborah Bodenbender has 20 plus years of teaching experience.

17.　She has worked as an elementary school teacher in both public and private schools throughout her professional career.

18.　In September 2006, Mrs. Bodenbender was hired as a "lower school math teacher" at Defendant Kings Ridge Christian School.

19.　Previously she had taught second grade at Mount Piscah Christian School for seven years and third grade for one year.

20.　In her capacity as math teacher at Defendant Kings Ridge Christian, she was responsible for teaching math to grades 1-5.

21.　She achieved highly, positive job evaluations from 2006 through 2014.

22.　Approximately several years ago, Mrs. Bodenbender began observing that she and older teachers at Defendant Kings Ridge Christian School were becoming frequently harassed, causing some to retire due to the harassment.

23.　As older teachers left, Mrs. Bodenbender and her faculty began noticing that Defendant Kings Ridge Christian School seemed to be getting rid of

older, experienced teachers and replacing them with very young teachers in their early 20's.

24. Faculty members expressed their concern to the administration that it appeared that hiring preferences were discriminatory and that the Defendant was deliberately hiring very young, brand new teachers rather then older teachers.

25. At a faculty meeting, the Headmaster David Rhodes addressed the faculty complaints regarding discriminatory practices.

26. At the meeting Headmaster Rhodes stated that he was there to address the concerns that were brought to his attention by faculty that teachers being hired were very young with little experience instead of hiring older teachers.

27. The Headmaster admitted that this was occurring, that Defendant Kings Ridge Christian School was deliberately replacing the older teachers that were leaving with younger teachers.

28. Rhodes claimed that the reason they were hiring young teachers intentionally because he was fearful that older teachers would eventually retire on them.

29. In reply, teachers told him that just because older teachers would eventually retire does not mean Defendant Kings Ridge Christian School should

stop hiring them or have a preference to hire very young, inexperienced teachers instead of them.

30.     Around this time, Mrs. Bodenbender observed a concerted effort of Defendant Kings Ridge Christian School to go after older teachers and harass them in an effort to drive them out and replace them with young teachers.

31.     Mrs. Bodenbender began experiencing harassment from her Principal who not only harassed her, but a group of older teachers, ages mid 40's to 60's.

32.     For example, Principal Gammage began harassing a Spanish teacher who is currently age 70, but at the time was in her late sixties.

33.     Principal Gammage hired a Spanish teacher in her twenties who had no teaching certification, to co-teach with this older Spanish teacher for a year.

34.     At the end of the year, Defendant Kings Ridge Christian School informed the older Spanish teacher in her late sixties that they would not renew her contract.

35.     However, they renewed the contract of the young, non-certified teacher who replaced her.

36.     Other older teachers were harassed by Principal Gammage to the point they quit their jobs because they were so fed up with the hostile work environment and subsequently replaced by younger teachers.

37.     On February 27, 2014, Mrs. Bodenbender was informed that her math teacher position was being eliminated due to budget cuts.

38.     She was informed of this by her Principal Stephanie Gammage, in a meeting with the HR Director, Katrina Kramer.

39.     The normal process at Defendant Kings Ridge Christian School for employees that wished to be re-assigned to other open positions would be to fill out a "Teaching Preference Form" and list out their preferences for what jobs they wanted to be placed into.

40.     Mrs. Bodenbender asked her if she would be treated the same way in as the others and if she would be considered to be placed in those openings as they came available.

41.     Principal Gammage informed her no, that she would need to go through a full interview process.

42.     Mrs. Bodenbender asked her, "just like someone coming off the streets with no years of service with the school even though I have been here for 8 years?"

43.     Principal Gammage replied, yes, that she would have to go through the full interview process, even though the other younger teachers were simply being reassigned to new openings.

44.     That spring semester 2014, teachers who were much younger then Mrs. Bodenbender (in their twenties and thirties) were reassigned to new openings without having to go through an interview process as Defendant Kings Ridge Christian School required for Mrs. Bodenbender.

45.     After being notified that her position was being eliminated but she would be forced to go through an interview process rather then being reassigned like the much younger teachers, Mrs. Bodenbender scheduled an appointment with the Associate Headmaster of Defendant Kings Ridge Christian School, Lowrie McCown.

46.     The appointment was scheduled for March 20, 2014.

47.     At the meeting, Mrs. Bodenbender complained to Associate Headmaster McCown of discrimination.

48.     She complained that she had been subjected to a hostile work environment from Principal Gammage and her two close friends.

49.     She explained about the inner circle of friends that Principal Gammage kept around her, which in response he told her "I've heard of that."

50.     She told him that Defendant Kings Ridge Christian School was engaging in a discriminatory hiring process.

8

51.     She explained she had been there for 8 years, with positive teaching evaluations, and that while other younger teachers would be reassigned to open positions without being required to go through a full interview process, they were making her do this, just as if she was a stranger.

52.     Mrs. Bodenbender reiterated and emphasized to the Associate Headmaster that she believed this was discriminatory and that she was being subjected to a hostile work environment.

53.     In response, Associate Headmaster McCown did and said nothing.

54.     No one from Defendant Kings Ridge Christian School ever got back to Mrs. Bodenbender to address her complaints of discrimination.

55.     After not hearing from anyone or receiving a response, she scheduled an appointment with Human Resources and met with the HR Director Ms. Katrina Kramer on April 17th.

56.     On April 17th at 3 p.m., Mrs. Bodenbender informed Ms. Kramer that she was being bullied, harassed, and subjected to a hostile work environment.

57.     Ms. Kramer stated that she had never talked to or heard any of this from Associate Headmaster Lowery McCown and was not aware Mrs. Bodenbender had already met with him to address these complaints.

58.     Mrs. Bodenbender expressed to her that she believed she was being discriminated against in the hiring process that they were making her participate rather than simply being reassigned as all the other younger teachers would be.

59.     Ms. Kramer told her that Mrs. Bodenbender had a lot to talk to her about and scheduled a second meeting with her on April 22nd at 12:35 p.m.

60.     At this meeting, Mrs. Bodenbender continued expressing her concerns regarding King Ridge Christian School informing her that her position was eliminated and requiring her to go through an interview process, rather then simply reassigning her to an open teaching position as they were doing with all the other younger and less experienced teachers.

61.     On May 2nd, Mrs. Bodenbender met for a third time with Ms. Kramer in Human Resources.

62.     Ms. Kramer told her that she had inquired about Robin Daughtery yelling at Mrs. Bodenbender in an abusive manner, which was one of the examples Mrs. Bodenbender had given for a hostile work environment.

63.     Ms. Kramer told Mrs. Bodenbender that she had talked to Principal Gammage about Robin Daughtery's yelling.

64.     Ms. Kramer stated that Principal Gammage admitted that she had observed Robin yelling at Mrs. Bodenbender and that Robin had sent an apology

letter to Mrs. Bodenbender and other fourth grade teachers that were in the fourth grade meeting where Mrs. Bodenbender was yelled at.

65.    Ms. Kramer said to Mrs. Bodenbender that as far as the rest of the things that Mrs. Bodenbender had complained of was hearsay and "I can't do anything about hearsay."

66.    Mrs. Bodenbender continued to complain about the discriminatory hiring practices of Defendant Kings Ridge Christian School.

67.    On May 6th, at 4:08 p.m. Principal Gammage sent an email to the lower school faculty announcing the teaching assignments for next year in an email with the subject entitled "Changes for Next Year."

68.    Just as Mrs. Bodenbender had complained of, younger, less experienced teachers who positions were being eliminated were being reassigned without being made to go through a lengthy interview process as she was.

69.    For example, Amber Harwell, age 35 at the time, had her Kindergarten teaching position eliminated.

70.    Amber Harwell was re-assigned to second grade teacher without having to go through an interview process.

71.    A fourth grade teaching position was also eliminated.

72.    Lauren Warner, age 27 at the time teaching fourth grade, was reassigned to a second grade teacher position.

73.    Lauren Warner was reassigned without having to go through an interview process.

74.    Caitlin Jones, age 27 at the time, was also teaching fourth grade.

75.    Caitlin Jones was reassigned to a third grade teacher position.

76.    Caitlin Jones was reassigned without having to go through an interview process.

77.    Carey Chandler, age 25 at the time, at the time was teaching third grade, was reassigned to a fourth grade position.

78.    Carey Chandler was reassigned without having to go through an interview process.

79.    In spite of all these much younger, much less experienced teachers being reassigned to new open positions without being required to go through an interview process, Mrs. Bodenbender was required to go through an interview process for a second grade teacher opening.

80.    Defendant Kings Ridge Christian School made Mrs. Bodenbender (a teacher for grades 1-5 at Kings Ridge for 8 years with all positive teaching

evaluations and 20 years of teaching experience) compete for this second grade teacher position.

81.    She was made to compete for this second grade teaching position against two other candidates, both in their twenties, who had NEVER been a teacher in their entire life.

82.    Both of these candidates were "Teaching Assistants."

83.    In general, Defendant Kings Ridge Christian School does not permit teaching assistants to teach classes.

84.    The rare exception is if a teacher is absent and a substitute teacher cannot be found, which in that case the teaching assistant will follow the teacher's lesson plan.

85.    The two teaching assistants that competed for the second grade teaching position against Mrs. Bodenbender were Courtney Clinton and Destiny Calloway.

86.    Both these teaching assistants were in their early twenties and had NEVER been hired to work as a teacher, not only at Defendant Kings Ridge Christian School, but never at any school anywhere else in the world.

87.    Nevertheless, Defendant Kings Ridge Christian School required Mrs. Bodenbender to compete with these two teaching assistants for a second grade teaching position.

88.    Mrs. Bodenbender, age 57 at the time, had 20 years of teaching experience.

89.    Mrs. Bodenbender had 7 years of second grade teaching experience at Mt. Piscah, another Christian private school similar to Defendant.

90.    Mrs. Bodenbender had 8 years of teaching math for grades 1-5 at the Defendant, Kings Ridge Christian School and had been one of the founding teachers.

91.    Defendant Kings Ridge Christian School required Mrs. Bodenbender to participate in a multi-step interview process for this second grade position.

92.    At the first interview for the second grade teaching position, Mrs. Bodenbender had to be interviewed by Robin Daughtery and Adrian Taylor, the two close friends of Principal Gammage, who Mrs. Bodenbender had complained to Associate Headmaster McCown of their harassment against her.

93.    At the second interview, Mrs. Bodenbender was interviewed by Amber Harwell and Lauren Warner.

94.     Both these much younger aged ladies had never before taught second grade at Defendant Kings Ridge Christian School and they had just been reassigned to this position.

95.     Amber Harwell and Lauren Warner were reassigned to second grade teaching position openings even though they had only been at Defendant Kings Ridge Christian School for a few years, compared to Mrs. Bodenbender's 8 years of teaching grades 1-5 at Defendant Kings Ridge Christian Schools and 20 years of teaching in education.

96.     On May 20th, Mrs. Bodenbender had to go through the third step of her interview hiring process, where she was made to conduct a lesson plan which would be observed and evaluated by four people.

97.     Three of these four individuals were Principal Stephanie Gammage, Adriane Taylor, and Robin Daughtery--- individuals whom Mrs. Bodenbender had repeatedly made multiple complaints against for harassment, discrimination, and creating a hostile work environment.

98.     The fourth individual to observe and evaluate her lesson was Laura Reedy who was Principal Gammage's secretary.

99.     On May 15th, Mrs. Bodenbender had her fourth meeting with Human Resources Director, Katrina Kramer.

100.   At the May 15th meeting Mrs. Bodenbender wrote down a set of notes that she took in with her at this meeting.

101.   Mrs. Bodenbender read off her set of notes to Ms. Kramer in which she said, just as she had said to her on multiple previous occasions: "Their [the other teachers] positions were eliminated. My position was eliminated. They got a contract. I did not get a contract. They filled out a form, I filled out a form. Something is not right. I feel like I am being discriminated and I desire an explanation."

102.   Ms. Kramer just sat there and wrote things down. Ms. Kramer told her that she would find out why she is being treated differently.

103.   Four days later, May 19th, Mrs. Bodenbender went to meet with Ms. Kramer again.

104.   Ms. Kramer informed her that she had received and explanation from the Chief Financial Officer Guy Price.

105.   She said that Guy told her that she is a "math specialist" position and had not taught the other subjects for the past eight years.

106.   However, Mrs. Bodenbender explained that her job title was not a math specialist, she was a "lower school math teacher."

107.   Mrs. Bodenbender only had been a teacher for grades 1-5 at Kings Ridge.

108.   This is what is stated on all 8 years of her teaching contracts, including the most recent 2013-2014 year.

109.   This is what was listed in the school yearbook.

110.   This is what the Defendant has been always instructed as to what her job title was.

111.   Mrs. Bodenbender informed her that she has taught for over twenty years in lower elementary schools all subjects, including most recently teaching second grade at Mt. Piscah for 7 years, and she had worked as a math teacher teaching grades 1-5 for the past eight years at Kings Ridge.

112.   The other much younger teachers who had been reassigned had no such comparable experience.

113.   On May 23rd Principal Gammage informed Mrs. Bodenbender that she has not been hired for the second grade position and that instead, Courtney Clinton was hired.

114.   Courtney Clinton had never worked as a teacher before.

115.   Courtney Clinton was 24 years old.

116.   Courtney Clinton was not even certified as a teacher in Georgia.

17

117.   Courtney Clinton has not passed her Georgia teaching certification exams to date.

118.   Courtney Clinton's college degree is not in lower school education.

119.   Courtney Clinton worked as a teaching assistant, not as a teacher.

120.   Twenty four year old Courtney Clinton, who had never worked as a teacher previously and was not certified to be a teacher, was hired instead of 57 year old Deborah Bodenbender who had 20 years of teaching experience and 8 years of good teaching evaluations at Defendant Kings Ridge Christian School.

121.   On May 28th, Mrs. Bodenbender had her fifth meeting with Human Resources. She complained to Ms. Kramer: You had all these meetings with me where I reported my complaints of discrimination. All you ever said to me was that the school admitted that Robin had yelled at me and had written an apology email to me and a fourth grade teacher after a fourth grade teacher had cried and complained to Principal Gammage how wrongly I had been treated."

122.   In late June Principal Gammage's secretary called Mrs. Bodenbender to ask her if she was interested in being interviewed for a third grade teacher position.

123.   On July 1st Mrs. Bodenbender was interviewed by two third grade teachers, Caitlyn Jones and Jade Reardon.

124.    Caitlyn Jones was 27 years old and had never taught third grade before.

125.    Caitlyn Jones had been one of the teachers to be reassigned to third grade without having to go through an interview process like Mrs. Bodenbender was made to do.

126.    Both teachers told Mrs. Bodenbender at the start of her interview: "This is so ridiculous. You have way more years of experience then we do. We feel very uncomfortable having to conduct this interview. Can we pray?"

127.    A week later Principal Gammage called Mrs. Bodenbender and told her that the third grade position was no longer available because they were moving Carrie Chandler from fourth grade to this third grade teaching position opening.

128.    Principal Gammage said the reason why they were moving Carrie Chandler from fourth grade was because they only had enough students for two fourth grade classes for the 2014-2015 school year.

129.    However, when they started school in fall of 2014, it is true that there were only two fourth grade classes.

130.    However, that winter of the 2014-2015 year, Principal Gammage opened up one more fourth grade class, making a total of three.

131.   Principal Gammage hired a substitute teacher into that class instead of contacting Mrs. Bodenbender.

132.   Carrie Chandler who was hired for the third grade teaching position instead of Mrs. Bodenbender, was 25 years of age.

133.   Mrs. Bodenbender even provided in writing to Defendant Kings Ridge Christian School, via the teaching preference form (that everyone else who turned in was reassigned a job) that she was willing to work in a teaching assistant position.

134.   That 2014-2015 school year, Principal Gammage hired Nicole Reedy, a 23 year old to be the teaching assistant for third grade.

135.   Even though Mrs. Bodenbender had also listed on her teaching preference form she expressed her willingness and interest to be reassigned to a teaching assistant position if no teaching positions were made available, Defendant Kings Ridge Christian School did not hire Mrs. Bodenbender.

136.   Instead, Defendant Kings Ridge Christian School hired a 23 year old who had no teaching degree, no teaching certification, no teaching experience, and no teaching assistant experience instead of Mrs. Bodenbender.

137.   Shortly thereafter, Defendant Kings Ridge Christian School terminated this 23 year old with zero teaching assistant experience, and again, they

did not contact Mrs. Bodenbender despite her informing them of her interest in a teaching assistant position.

138.    Rather, they hired a substitute teacher with no teaching experience instead.

## CLAIMS FOR RELIEF

## COUNT I: DISCRIMINATION IN VIOLATION OF THE ADEA

139.    Mrs. Bodenbender incorporates by reference all of the preceding paragraphs.

140.    Defendant discriminated against Mrs. Bodenbender because of her age, in violation of the ADEA, 29 U.S.C. §§ 621 *et seq.*

141.    Defendant's discriminatory practices have deprived Mrs. Bodenbender of equal employment opportunities, wages, retirement, and other benefits, and equal treatment in the terms and conditions of her employment, thus damaging Mrs. Bodenbender in an amount to be proven at trial.

142.    Mrs. Bodenbender is entitled to an award of back pay and benefits, reinstatement or front pay, liquidated damages, injunctive relief, attorney's fees, and all other appropriate damages, remedies, and other monetary and equitable relief available under the ADEA.

## COUNT II: LIQUIDATED DAMAGES – ADEA

143.   Mrs. Bodenbender incorporates by reference all of the preceding paragraphs.

144.   Defendant's discriminatory acts were willful within the meaning of the ADEA, and Mrs. Bodenbender is entitled to liquidated damages under 29 U.S.C. § 626(b).

## COUNT III: RETALIATION

145.   Mrs. Bodenbender incorporates by reference all of the preceding paragraphs.

146.   Defendant's actions against Plaintiff following her complaints of discrimination were committed with reckless disregard for her right to be free from discriminatory treatment on account of her opposition to discriminatory practices and in violation of the ADEA, 29 U.S.C. §§621 *et seq* and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*.

147.   As a result of Defendant's discriminatory conduct, Mrs. Bodenbender suffered lost wages and other benefits of employment, emotional distress, inconvenience, humiliation, damage to her career, and other indignities.

148.   Defendant's discriminatory practices have deprived Mrs. Bodenbender of equal employment opportunities, wages, retirement, and other

benefits, and equal treatment in the terms and conditions of her employment, thus damaging Plaintiff in an amount to be proven at trial.

149.   Defendant acted maliciously, willfully, wantonly, oppressively, and/or recklessly, toward Mrs. Bodenbender, authorizing a punitive damages award against Defendant.

150.   Because of Defendant's violations of Title VII and the ADEA, Mrs. Bodenbender is entitled to an award of back pay and benefits, reinstatement or front pay, compensatory and punitive damages, injunctive relief, attorney's fees, and all other appropriate damages, remedies, and other monetary and equitable relief available under all federal statutes providing remedies for violations of the ADEA and Title VII.

WHEREFORE, Mrs. Bodenbender demands TRIAL BY JURY and that:

(a)   The Court adjudicate and declare that the acts of Defendant complained of in this Complaint violated Mrs. Bodenbender's rights under the ADEA and Title VII;

(b)   The Court permanently enjoin Defendant, its officers, agents, successors, employees, attorneys, assigns and other representatives, and all those acting in concert with them or at their direction, from engaging in any employment

policy or practice that discriminates against any employee on the basis of age or sex;

(c)     Mrs. Bodenbender recover appropriate back pay, including reimbursement for lost salary, commissions, bonuses, incentive compensation, pension, social security, and other benefits in amounts to be shown at trial;

(d)     Mrs. Bodenbender recover prejudgment interest on any award of back pay made by the jury as required by law;

(e)     Mrs. Bodenbender recover liquidated damages equal to her back pay, as a result of Defendant's willful violations of the ADEA;

(f)     Mrs. Bodenbender recover compensatory damages in an amount to be determined by the enlightened conscience of the jury, for her emotional distress, suffering, inconvenience, mental anguish, loss of enjoyment of life and special damages;

(g)     The Court award Mrs. Bodenbender front pay through projected date of retirement or, alternatively, order Defendant to reinstate Mrs. Bodenbender to her last-held position or to an equivalent position;

(h)     Mrs. Bodenbender recover punitive damages against Defendant;

(i)     The Court award Mrs. Bodenbender her attorney's fees, costs and disbursements; and

(j)     The Court grant such additional monetary and equitable relief as may

be just.

DEMAND FOR JURY TRIAL

Mrs. Bodenbender demands a jury trial on all issues.

Respectfully submitted this 19th day of November, 2016.

WILLIAMS OINONEN, LLC

/S/ Julie Oinonen
Georgia Bar No. 722018
julie@goodgeorgialawyer.com

The Historic Grant Building
44 Broad Street NW
Ste 200
Atlanta, GA 30303
Attorney for Plaintiff